IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LICKERISH, LTD.,<br><br>                    Plaintiff,<br><br>          v.<br><br>                    Defendants,<br><br>BAUER MEDIA GROUP USA, LLC. d/b/a BAUER XCEL MEDIA US, BAUER PUBLISHING COMPANY, L.P., and HEINRICH BAUER VERLAG BETEILIGUNGS GMBH. | Case No.: |

## COMPLAINT AND JURY DEMAND

Plaintiff, Lickerish, Ltd., ("Plaintiff"), by its undersigned attorneys, Rath, Young and Pignatelli, P.C., for its complaint alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. § § 106(1) and 501.

2. Plaintiff seeks compensatory or statutory damages in an amount to be established at trial.

### PARTIES

3. Plaintiff is a limited company organized under the law of England with a principal place of business at 4A Tileyard Studios, Tileyard Road, N7 9AH, London, England, U.K.

1

4. Upon information and belief, defendant Bauer Media Group USA, L.L.C. d/b/a Bauer Xcel Media US is a limited liability company duly organized and existing under the laws of New Jersey, with a principal place of business at 270 Sylvan Avenue, Englewood Cliffs, New Jersey.

5. Upon information and belief, defendant Bauer Publishing Company, L.P. ("Bauer Publishing") is a limited partnership duly organized and existing under the laws of New Jersey, with a principal place of business at 270 Sylvan Avenue, Englewood Cliffs, New Jersey.

6. Upon information and belief, defendant Heinrich Bauer Verlag Beteiligungs G.M.B.H. ("HBVB" and together with Bauer Publishing and Bauer Media, collectively, "Defendants") is a limited partnership duly organized and existing under the laws of New Jersey, with a principal place of business at 270 Sylvan Avenue, Englewood Cliffs, New Jersey.

## JURISDICTION AND VENUE

7. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1331 (federal question jurisdiction), and 28 U.S.C. § 1338 (a) (jurisdiction over copyright actions).

8. Personal jurisdiction over Defendants is proper. Defendants are conducting business in and committing torts in this state, including without limitation Defendants' copyright infringement, which causes harm in this state and judicial district.

9. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.     Plaintiff's Business**

10.     Plaintiff is a high quality photographic syndication company that provides images to communication businesses. Through its extensive library of pictures of celebrities and models taken by internationally renowned photographers, Plaintiff has developed a large worldwide clientele and licenses its works for professional applications including editorial, advertising, corporate and non-profit use.

11.     Stephen Wurth is a renowned professional fashion and celebrity photographer who has published work in *Vogue*, *GQ*, *Playboy*, *Sports Illustrated Swimsuit Edition*, *Galore*, *Treats*, and many others.

12.     Mr. Wurth is the sole creator of a series photographic images of the celebrity tennis star Anna Kournikova, including the image that is titled Anna_Kournikova_007, a copy of which is attached hereto as Exhibit A. The photographic image titled Anna_Kournikova_007 is an original work of authorship. Mr. Wurth is the sole owner of the copyrights to the photographic image titled Anna_Kournikova_007.

13.     Plaintiff is the exclusive licensee of the photographic image titled Anna_Kournikova_007 and is responsible for the exclusive administration, publication and enforcement of the copyrights in and to the photographic image titled Anna_Kournikova_007.

14.     On August 10, 2008, on behalf of Mr. Wurth, Plaintiff obtained a registration with the United States Copyright Office for the photographic image titled Anna_Kournikova_007. Attached hereto as Exhibit B is a copy of the certificate for Registration Number VA 1-979-864 obtained from the United States Copyright Office.

15.     Jason Altaan is also renowned professional fashion and celebrity photographer. He is famous for his high impact imagery and has published work in *Vice*, *Galore*, *Fun Magazine*, *Saatchi Art*, and many others.

16.     Mr. Altaan is the sole creator of a series of photographic images of the celebrity Paris Hilton, including the image that is titled JAL-PH-16001003, a copy of which is attached hereto as Exhibit C. The photographic image titled JAL-PH-16001003 is an original work of authorship. Mr. Altaan is the sole owner of the copyrights in and to the photographic image titled JAL-PH-16001003.

17.     Plaintiff is the exclusive licensee of the photographic image titled JAL-PH-16001003 and is responsible for the exclusive administration, publication and enforcement of the copyrights in and to the photographic image titled JAL-PH-16001003.

18.     On November 29, 2016, on behalf of Mr. Altaan, Plaintiff obtained a registration with the United States Copyright Office for the photographic image of Paris Hilton titled JAL-PH-16001003. Attached hereto as Exhibit D is a copy of the certificate for Registration Number VA 2-024-780 obtained from the United States Copyright Office.

19.     The photographic images of Anna Kournikova titled Anna_Kournikova_007 and the photographic image of Paris Hilton titled JAL-PH-16001003 are both referred to herein as the "Copyrighted Works."

**B.      Defendants' Unlawful Activities**

20.     Upon information and belief, Defendants own and operate a number of websites, including one located at the URL http://www.fhm.com where Defendants publish articles that use high quality photographic images, such as those belonging to Plaintiff, to lure internet users to visit and linger at Defendants' websites, thus profiting from advertising revenue that grows as its viewership grows.

21.     Plaintiff has discovered Defendants are and have been infringing Plaintiff's exclusive copyrights in the Copyrighted Works.

22.     Specifically, Plaintiff discovered the Copyrighted Works being reproduced, distributed, and publicly displayed at the websites located at the following URLs:

- https://images-production.global.ssl.fastly.net/uploads/photos/file/258319/paris-hilton-instagram-4.png?auto=compress&crop=top&fit=clip&h=500&q=55&w=698
- http://www.fhm.com/posts/paris-hilton-lingerie-line-instagram-pics-135864/photos/paris-hilton-instagram-258319
- https://images-production.global.ssl.fastly.net/uploads/photos/file/245457/anna-kournikova-instagram-3.png?auto=compress&crop=top&fit=clip&h=500&q=55&w=698
- http://www.fhm.com/posts/anna-kournikova-rocks-sexy-white-bikini-on-instagram-129894/photos/anna-kournikova-instagram-245457

23.     Screenshots of infringements of the photographic image of Paris Hilton titled JAL-PH-16001003 are attached hereto as Exhibit E.

24.     Screenshots of infringements of the photographic image titled Anna_Kournikova_007 are attached hereto as Exhibit F.

25.     Upon information and belief, the infringing websites are owned by Bauer Publishing Company, L.P., and Heinrich Bauer Verlag Beteiligungs GMBH.

26.     Upon information and belief, the infringing websites are operated by Bauer Media Group USA, L.L.C. d/b/a Bauer Xcel Media US.

27.     Upon information and belief, Defendants are each responsible for the unlawful reproduction, distribution, and public display of the Copyrighted Works.

28. Defendants' reproduction, distribution, and public display of Plaintiff's Copyrighted Works are without Plaintiff's authorization.

29. Defendants' unauthorized reproduction, distribution, and public display of Plaintiff's Copyrighted Works are knowing and willful and in reckless disregard of Plaintiff's rights.

## FIRST CLAIM FOR RELIEF
## (Direct Copyright Infringement)

30. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

31. The Copyrighted Works are original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.

32. As exclusive licensee, Plaintiff has sufficient rights, title and interest in and to the copyrights in the Copyrighted Works to bring suit.

33. Upon information and belief, as a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Works, Defendants had access to the Copyrighted Works prior to the creation of Defendants' infringing works.

34. By their actions, as alleged above, Defendants have infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, by reproducing, distributing and publicly displaying the Copyrighted Works.

35. Upon information and belief, Defendants' infringement of Plaintiff's copyrights is willful and deliberate and Defendants have profited at the expense of Plaintiff.

36. As a direct and proximate result of Defendants' infringement of Plaintiff's copyrights and exclusive rights in the Copyrighted Works, Plaintiff is entitled to recover its

actual damages resulting from Defendants' uses of the Copyrighted Works without paying license fees, in an amount to be proven at trial.

37. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Copyrighted Works, which amounts will be proven at trial.

38. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Works, or such other amounts as may be proper under 17 U.S.C. § 504(c).

39. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

40. Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## SECOND CLAIM FOR RELIEF
### (Contributory Copyright Infringement)

41. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

42. As an alternative theory to its direct infringement claim, in the event any of the Defendants contend the infringing conduct described above is done by another, Defendants had either actual or constructive knowledge of the above-described infringements and either induced, caused or materially contributed to the infringing conduct described above.

43. By their actions, as alleged above, Defendants' foregoing acts of contributory

infringement violates Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501.

44. Upon information and belief, the foregoing acts of contributory infringement of Plaintiff's copyrights are willful and deliberate and Defendants have profited at the expense of Plaintiff.

45. As a direct and proximate result of Defendants' contributory infringement of Plaintiff's copyrights and exclusive rights in the Copyrighted Works, Plaintiff is entitled to recover their actual damages resulting from Defendants' uses of the Copyrighted Works without paying license fees, in an amount to be proven at trial.

46. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Copyrighted Works, which amounts will be proven at trial.

47. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Works, or such other amounts as may be proper under 17 U.S.C. § 504(c).

48. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

49. Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## THIRD CLAIM FOR RELIEF
### (Vicarious Copyright Infringement)

50. Plaintiff realleges the above paragraphs and incorporates them by reference as if fully set forth herein.

51. As an alternative theory to its infringement claims above, to the extent any of the Defendants contend they did not directly infringe or contributorily infringe Plaintiff's copyrights, Defendants each had the right or ability to control the direct infringement described above.

52. As a result of each Defendants' right or ability to supervise the direct infringement described above, Defendants could have prevented or stopped the direct infringement but did not take any action to do so.

53. Defendants each had a direct financial interest the reproduction, distribution and public display of the Copyrighted Works and each Defendant benefitted from the direct infringement.

54. As a direct and proximate result of Defendants' vicarious infringement of Plaintiff's copyrights and exclusive rights in the Copyrighted Works, Plaintiff is entitled to recover their actual damages resulting from Defendants' uses of the Copyrighted Works without paying license fees, in an amount to be proven at trial.

55. In addition, at Plaintiff's election, pursuant to 17 U.S.C. § 504(b), Plaintiff shall be entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Copyrighted Works, which amounts will be proven at trial.

56. In the alternative, and at Plaintiff's election, Plaintiff is entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to the infringing reproduction, distribution, and public display of the Copyrighted Works, or such

other amounts as may be proper under 17 U.S.C. § 504(c).

57. Plaintiff is entitled to its costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

58. Defendants' conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment as follows:

1. A declaration that Defendants have infringed, either directly or indirectly, Plaintiff's copyrights in the Copyrighted Works under the Copyright Act;

2. A declaration that such infringement is willful;

3. An award of such of actual damages and profits under 17 U.S.C. § 504(b) as the Court shall deem proper or, at Plaintiff's election, an award of statutory damages as the Court shall deem proper, as provided in 17 U.S.C. §§ 504(c), including damages for willful infringement of up to $150,000 for each copyright infringement of each of the Copyrighted Works;

4. Awarding Plaintiff such exemplary and punitive damages as the Court finds appropriate to deter any future willful infringement;

5. Awarding Plaintiff its costs and disbursements incurred in this action, including its reasonable attorneys' fees, as provided in 17 U.S.C. §§ 505;

6. Awarding Plaintiff interest, including pre-judgment interest, on the foregoing sums;

7. Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from:

  (a) directly or indirectly infringing Plaintiff's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, public display, advertise, reproduce, develop or manufacture any works derived or copied from the Plaintiff's Copyrighted Works or to participate or assist in any such activity; and

  (b) directly or indirectly removing or altering any copyright management information from, or providing, or distributing any false copyright management information in connection with, Plaintiff's Copyrighted Works; and

8. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: May 16, 2018

Respectfully submitted,

By: /s/R. Terry Parker
R. Terry Parker, Esquire
RATH, YOUNG & PIGNATELLI, P.C.
120 Water Street, Second Floor
Boston, MA 02109
Telephone: (603) 226-2600
Email: rtp@rathlaw.com

*Attorneys for Plaintiff*
*Lickerish Ltd.*